# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAURICE WATTS, et al.,<br>      *Plaintiffs,*<br><br>v.<br><br>EMBASSY SUITES BY HILTON<br>PHILADELPHIA AIRPORT, et al.<br><br>      *Defendants.* | CIVIL ACTION<br>NO. 21-1307 |

**PAPPERT, J.**                                                                         July 15, 2021

## **MEMORANDUM**

       Maurice and Karnesha Watts filed a Complaint in the Philadelphia County Court of Common Pleas on their minor daughter's behalf against Embassy Suites by Hilton Philadelphia Airport and Ashford TRS Nickel, LLC. They seek to recover damages for injuries their daughter sustained after slipping and falling on the pool deck of the hotel located at 9000 Bartram Avenue in Philadelphia, Pennsylvania. (Notice of Removal, Ex. A. (Complaint), ECF 1 at ¶¶ 5-10.)

       Defendants removed the Complaint to this Court based on diversity jurisdiction. (Notice of Removal, ECF 1 at ¶¶ 17-18.) Ashford TRS Nickel, LLC is a Delaware limited liability corporation. (*Id.* ¶ 5.) Its principal place of business and the principal place of business of each member of the Ashford, LLC entities is in Dallas, Texas, where all are citizens for purposes of determining diversity. (*Id.* ¶¶ 5-10.) Embassy Suites by Hilton Philadelphia Airport is not a legal entity. (*Id.* ¶ 11.)

       Plaintiffs, who reside in Philadelphia ((Notice of Removal, Ex. A. (Complaint), ECF 1 at ¶ 2), allege both named Defendants maintain their principal place of business

at the Bartram Avenue address. (*Id.* ¶¶ 5, 8.) They move for remand, arguing there is not complete diversity between the parties. Plaintiffs rely on Ashford's application for registration of the fictitious name "Embassy Suites by Hilton Philadelphia Airport.," filed with the Pennsylvania Department of State's Corporation Bureau. That Application lists the principal place of business of that fictitious entity as the Bartram Avenue address. (Pls.' Mot. to Remand, ECF 7 at 5-6; *see also id.* Ex. D (Application for Registration of Fictitious Name) at ¶¶ 5-10).

The Court denies the motion because the principal place of business of a fictitious entity is irrelevant to the diversity jurisdiction analysis.

I

A removing party bears the burden of demonstrating the district court's jurisdiction. *Jurdon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014). Any contested issues of substantive fact must be resolved in the non-moving party's favor. *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d. Cir. 1990). The Court must remand an action to state court if it appears the district court lacks jurisdiction any time prior to the final judgment. 28 U.S.C. §1447(c).

Removal is proper under 28 U.S.C. § 1441(a) when the parties are diverse in citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A natural person's citizenship is determined by their domicile; while a corporation is a citizen of both the state in which it is incorporated and where it has its principal place of business. *Hertz Corp. v. Friend,* 559 U.S. 77, 93 (2010). The citizenship of unincorporated entities, such as LLCs, is determined by their members' citizenship. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). "For complete

diversity to exist, all of the LLC's members must be diverse from all parties on the opposing side.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 & n.16 (3d Cir. 2015).

A federal court must base its jurisdiction only upon the citizenship of real and substantial parties with "real interest in the litigation." *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991). The Court's jurisdictional analysis must not consider "nominal" or "formal" parties. *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 359 (3d Cir. 2013). A fictitious name does not create a separate legal entity and is merely "'descriptive of a corporation who does business under another name.'" *Gentry v. Sikorsky Aircraft Corporation*, 383 F. Supp. 3d 442, 453 (E.D. Pa. 2019) (quoting *Burlington Coat Factory of Pa., LLC v. Grace Constr. Mgmt. Co., LLC*, 126 A.3d 1010, 1024 (Pa. Super. Ct. 2015)). Fictitiously named entities are nominal parties without a real interest in the outcome of litigation. *See Gentry*, 383 F. Supp. 3d at 453. When considering whether there is diversity jurisdiction, the Court must evaluate the substantial party's citizenship and not the location of any fictitiously named entity. *Id.* at 454.

## II

To support their position that Ashford is a citizen of Pennsylvania, not Texas, Plaintiffs rely on Ashford's fictitious name registration for "Embassy Suites Philadelphia Airport" and its purported "admission" that Ashford's principal place of business is in Philadelphia. (Pl.'s Mot. to Remand, ECF 7 at 2-3; *see also*, *id.*, Ex. D at 3.) They argue "[a]ny conflicts in evidence concerning [Ashford's] principal place of business must be resolved in Plaintiffs' favor" and, because Ashford identified 9000

Bartram Avenue as the "principal place of business" for "Embassy Suites Philadelphia Airport," there is a contested issue about Ashford's citizenship. (Pl.'s Mot. to Remand, ECF 7 at 6 (citing *Boyer*, 913 F.2d at 111).) The fictitious name registration does not, however, create a contested issue of fact that necessitates remand.

54 Pa. C.S. § 311(a)(1) requires a fictitious name registration to include "[t]he address . . . of the principal place of business of the business or other activity to be carried on under or through the fictitious name." But this does not mean the underlying business – in this case, Ashford – has the same principal place of business. "Registering a fictitious name imparts no rights other than the conducting of business under that name." *Rock City Acquisition & Dev. Corp. v. Marshall*, 236 A.3d 1125 (Pa. Super. Ct. 2020) (citing 54 Pa. C.S.A. § 332(a)); *see also Parks v. Woodbridge Golf Club, Inc.*, No. 11-0562, 2016 WL 8716606, at *5 (E.D. Pa. July 22, 2016) (Defendants "did not create a separate entity by merely registering a fictitious name.").

Ashford's citizenship is properly determined by the citizenship of its members. *See Zambelli,* 592 F.3d at 420. Embassy Suites Philadelphia Airport is not one of them. Instead, it is a nominal party with "no stand-alone existence" and no stake in the outcome or litigation. *Gentry* 383 F. Supp. 3d at 453; *see also Burlington Coat Factory,* 126 A.3d at 1024 (holding fictitiously named entities are not legal entities with a real interest in litigation). Because Embassy Suites Philadelphia Airport is a fictitious name Ashford uses to conduct its business, its principal place of business is not relevant to Ashford's citizenship. *See id.* (holding a nominal party's "citizenship has no bearing on the Court's analysis" of diversity jurisdiction); *Smith v. Agresta* No. 04-5266 2005 WL 950603, at *1 (E.D. Pa. 2005) (declining to dismiss a complaint for lack of complete

4

diversity based on a fictitious name registration because the corporation's citizenship was what mattered for establishing jurisdiction). Ashford is a citizen of Texas because each of the Ashford entities have their principal place of business there. (Notice of Removal, ECF 1, ¶¶ 5-10.) Embassy Suites Philadelphia Airport has no stand-alone existence, no matter where it does business. Plaintiffs are citizens of Pennsylvania. The Court has diversity jurisdiction and there is no need to remand.[1]

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[1] "Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Because Ashford properly removed this matter, Plaintiffs request for fees, costs and expenses (Pls.' Mot. to Remand, ECF 7 at 7) is denied.